UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILSON CALLE,

                                   CV

                         Plaintiff,

              v.
                                   COMPLAINT

JPS 030 REALTY LLC AND VAN LEEUWEN        JURY TRIAL REQUESTED
2578 BROADWAY LLC,

                         Defendants.
--------------------------------------------------------------x

## COMPLAINT

Plaintiff Wilson Calle (hereafter referred to as "Plaintiff"), by counsel, Hanski

Partners LLC, as and for the Complaint in this action against Defendants JPS 030 Realty

LLC and Van Leeuwen 2578 Broadway LLC (together referred to as "Defendants"),

hereby alleges, upon information and belief, as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law"), the New York State

Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code").

2.      As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3.      Defendants chose to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.

4.      This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations (also referred to herein as "equal access" and "equal opportunity") Defendants offer non-disabled customers of their place of public accommodation.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and

Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

8.     At all times relevant to this action, Plaintiff Wilson Calle has been and remains currently a resident of the State and City of New York.

9.     At all times relevant to this action, Plaintiff Wilson Calle has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

10.     Due to his impairments, Plaintiff uses a wheelchair for mobility.

11.     Defendant JPS 030 Realty LLC owns the land and the building thereon with the street address of 2578 Broadway in New York County, New York (hereinafter referred to as "2578 Broadway").

12.     Defendant JPS 030 Realty LLC is authorized to conduct business in the State of New York, and does business in New York State, including at 2578 Broadway.

13.     At all relevant times, defendant Van Leeuwen 2578 Broadway LLC operates an ice cream store doing business as Van Leeuwen Ice Cream.

14.     At all relevant times, defendant Van Leeuwen 2578 Broadway LLC operates and/or leases from defendant JPS 030 Realty LLC property located at 2578 Broadway in which the ice cream shop doing business as Van Leeuwen Ice Cream is located (hereinafter referred to as the "Van Leeuwen premises").

15.     Van Leeuwen 2578 Broadway LLC is authorized to conduct business in the State of New York, and does business in New York State, including at 2578 Broadway.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.    Upon information and belief, JPS 030 Realty LLC and Van Leeuwen 2578 Broadway LLC have a written lease agreement.

17.    Upon information and belief, at some time after January 1992, alterations were made to 2578 Broadway, including areas adjacent and/or attached to 2578 Broadway.

18.    Upon information and belief, at some time after January 1992, alterations were made to the Van Leeuwen premises, and to areas of 2578 Broadway related to the Van Leeuwen premises.

19.    Defendants are a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Van Leeuwen premises located at 2578 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

20.    The Van Leeuwen premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102)) as it is a facility operated by private entities, the Defendants; its operations affect commerce, as business is conducted therein; and the business conducted at the Van Leeuwen premises falls into the category of a restaurant, bar, or other establishment serving food or drink..

21.    As detailed herein, numerous architectural barriers exist at the Van Leeuwen premises public entrance, interior space and exterior space that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited

to, architectural barriers at the paths of travel.

22.    The architectural barriers at the Van Leeuwen premises' public entrance prevent or restrict Plaintiff from having equal access to the Van Leeuwen premises, as the barriers impede his ability to safely enter the Van Leeuwen premises from the adjoining public sidewalk.

23.    The architectural barriers at the Van Leeuwen premises' public entrance prevent or restrict Plaintiff from having equal access to the Van Leeuwen premises, as the barriers make it harder for him to enter the Van Leeuwen premises from the adjoining public sidewalk.

24.    The architectural access barriers within the interior areas of the Van Leeuwen premises prevent or restrict Plaintiff from having equal access of the public spaces and facilities within the Van Leeuwen premises, specifically the ability to equally dine at the tables.  For example, the configuration of the dining surfaces forces Plaintiff to face a wall, akin to a punished child, if he wants to eat his ice cream inside the Van Leeuwen premises, while non-disabled patrons can face the interior of the Van Leeuwen premises and enjoy the active, social atmosphere.

25.    The architectural access barriers within the exterior areas of the Van Leeuwen premises prevent or restrict Plaintiff from having equal access of the public spaces and facilities of the Van Leeuwen premises, specifically the ability to equally dine at the exterior tables.  The exterior tables belonging to the Van Leeuwen premises have legs that prevent Plaintiff from being able to dine at them.

26.    Due to the architectural access barriers, the services, features, elements and spaces of the Van Leeuwen premises are not readily accessible to, or usable by

Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

27.    Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Van Leeuwen premises that are open and available to the public.

28.    Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref Std") and the 2022 New York City Building Code ("2022 BC") which also includes the 2014/2022 Ref Std.

29.    Barriers to access that Plaintiff encountered and which deny him equal access and/or which deter Plaintiff from patronizing the Van Leeuwen premises as well as architectural barriers that exist include, but are not limited to, the following items (each an "Access Barrier" and collectively, "Access Barriers"):

I.    The public/primary entrance to the Van Leeuwen premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; 2014 BC § 1105.1; and 2022 BC § 1105.1.*

II.    No signage identifies an accessible public entrance (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; 2014 BC §§ 1101.3.4 and 1110; and 2022 BC §§ 1101.3.4 and 1111.*

III.    There is no directional signage at the inaccessible public entrance to the Van Leeuwen premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; 2014 BC §§ 1101.3.3; and 1110.2; and 2022 BC §§ 1101.3.3; and 1111.2.*

IV.    The surface of the walkway within the maneuvering clearance of the public entrance door to the Van Leeuwen premises is cracked and not smooth.
*Defendants fail to provide floor and ground surfaces that are stable, firm and slip resistant. See 1991 ADA § 4.5.1; 2010 ADA § 302.1; 1968 Ref Std § 4.5.1; 2008 Ref Std § 302.1; and 2014/2022 Ref Std § 302.1.*

V.    The surface of the walkway within the maneuvering clearance of the public entrance door to the Van Leeuwen premises has a change in level that is not beveled at a maximum slope of 1:2 and is greater than 1/4-inch.
*Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level between ¼ inch high minimum and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. See 1991 ADA §§ 4.3.8 and 4.5.2; 2010 ADA §§ 303.2 and 303.3; 1968 Ref Std §*

*4.3.8 and 4.5.2; 2008 Ref Std §§ 303.2 and 303.3; and 2014/2022 Ref Std §§ 303.2 and 303.3.*

VI.     The surface of the walkway within the maneuvering clearance of the public entrance door to the Van Leeuwen premises has a change in level that is greater than 1/2-inch and is not ramped.
*Changes in level greater than ½ inch high minimum shall be ramped. See 1991 ADA §4.3.8; 2010 ADA § 303.4; 1968 Ref Std § 4.3.8 and 4.5.2; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

VII.    The public entrance door to the Van Leeuwen premises lacks level maneuvering clearances at the pull side of the door due to sloping.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

VIII.   Maneuvering clearances for pulling open the public entrance door is not provided due to the adjacent wall.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

IX.     The door at the public entrance has hardware that requires tight grasping and twisting of the wrist (knob type hardware).
*Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA § 4.13.9; 2010 ADA § 404.2.7; 1968 Ref Std § 4.13.9; 2008 Ref Std § 404.2.6; and 2014/2022 Ref Std § 404.2.6.*

X.      Defendants fail to provide accessible dining surfaces in sufficient number.
*Where dining surfaces for the consumption of food or drink are provided, at least 10 percent of the total number of seating and standing spaces, but not less than one, of each type of dining surfaces shall be accessible and*

*be distributed throughout the facility and located on a level accessed by an accessible route.  See 2022 BC § 1108.2.9.1.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XI.     There is no accessible exterior seating.
*Defendants fail to provide that at least10% of the dining surfaces provided to customers are accessible.  See 2022 BC § 1108.2.9.1.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XII.    There are no accessible exterior tables.   All tables have chairs and legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to chairs, table pedestals or table legs and/or booths) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014/2022 Ref Std § 902.2.*

XIII.   There is no accessible interior seating.  The only alleged accessible table requires individuals using a wheelchair to face a wall.
*Defendants fail to provide individuals with disabilities an equal opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation due to disability.  See 28 CFR § 36.202.*

XIV.    Accessible tables are not identified by the International Symbol of Accessibility.
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

XV.     The entrance doors are also exits and not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC § 27-292.1; 2008 BC § 1007.1; 2014 BC § 1007.1; and 2022 BC § 1009.1*

30.    Plaintiff either personally encountered or has knowledge of the Access Barriers.

31.    Upon information and belief, a full inspection of the Van Leeuwen premises will reveal the existence of other barriers to access.

32.    To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation concerning architectural access barriers related to Plaintiff's disability, Plaintiff requires a full inspection of the Van Leeuwen premises in order to catalogue all areas and architectural elements that are not compliant with the 1991 Standards or the 2010 Standards, or the accessibility provisions of the New York City Building Code.

33.    Plaintiff hereby notices Defendants that in addition to the Access Barriers, he will also prosecute any additional violations of the 1991 Standards, the 2010 Standards or the accessibility provisions of the New York City Building Code discovered during an inspection that are not detailed in this Complaint.

34.    Notice is hereby given that Plaintiff intends on amending this Complaint to include any additional violations of the 1991 Standards, the 2010 Standards or the accessibility provisions of the New York City Building Code discovered during an inspection of the Van Leeuwen premises that are not contained in this Complaint.

35.    By maintaining architectural access barriers, including the Access Barriers, Defendants have denied Plaintiff equal opportunity to participate in or benefit from services or accommodations they provide at the Van Leeuwen premises because of disability.

36.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices and procedures for persons with disabilities are compliant with the laws prohibiting disability discrimination.  Nor have Defendants made or provided accommodations or modifications to their policies, practices, and procedures to ensure equal opportunity to persons with disabilities.

37.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination as the Access Barriers continue to exist and Defendants continue to maintain the Access Barriers which denied Plaintiff equal opportunity.

38.     Defendants' ongoing maintenance of the Access Barriers continues to deny Plaintiff equal access to the Van Leeuwen premises thereby deterring Plaintiff from patronizing the Van Leeuwen premises as frequently as he otherwise would given his enjoyment of their ice cream.

**Plaintiff's Visits to the Van Leeuwen premises**

39.     The Access Barriers have obstructed and hindered Plaintiff's access on the occasions that he has patronized the Van Leeuwen premises.

40.     The barriers to access at the Van Leeuwen premises deter Plaintiff from patronizing the Van Leeuwen premises as frequently as Plaintiff desires.

41.     Van Leeuwen premises is located in the Upper West Side (UWS) neighborhood of Manhattan.

42.     Plaintiff resides in the Upper West Side (UWS) neighborhood in which the Van Leeuwen premises is located.

43.     Plaintiff passes by the Van Leeuwen premises at least three times a week as he goes about his daily routine.

44.     Plaintiff enjoys ice cream.

45.     Plaintiff enjoys eating ice cream from time to time on warm weather days.

46.     Plaintiff is fond of the ice cream served at the Van Leeuwen premises.

47.    Plaintiff is particularly fond of the Strawberry and the Cheesecake varieties served at the Van Leeuwen premises.

48.    Plaintiff has patronized the Van Leeuwen premises approximately four to five times since it opened.

49.    Defendant Van Leeuwen 2578 Broadway LLC began operating the ice cream shop doing business as Van Leeuwen Ice Cream at the Van Leeuwen premises on or about Spring 2024.

50.    During the spring and summer of the 2024 calendar year, Plaintiff patronized the Van Leeuwen premises approximately four times.

51.    Plaintiff most recently patronized the Van Leeuwen premises in May 2025.

52.    During warm weather days Plaintiff would like to patronize the Van Leeuwen premises more often.

53.    Plaintiff would like to patronize the Van Leeuwen premises more often because of the convenience of its location as he passes by it at least three times a week as he goes about his daily routine.

54.    As Plaintiff enjoys the ice cream served at the Van Leeuwen premises, he would have patronized the Van Leeuwen premises more frequently, but for a simple fact which deterred Plaintiff from doing so: Plaintiff detests that entering the Van Leeuwen premises is difficult due to the Access Barriers.

55.    Because Plaintiff enjoys the ice cream served at the Van Leeuwen premises, he wants to patronize the Van Leeuwen premises more regularly than he has.

But Plaintiff is deterred from doing so because the Access Barriers make entering the Van Leeuwen premises difficult.

56.     Plaintiff is deterred from patronizing the Van Leeuwen premises as often as he would like because Defendants, by maintaining Access Barriers, make it difficult for him to enter the Van Leeuwen premises.

57.     Being forced to surmount the Access Barriers deters Plaintiff from returning to patronize the Van Leeuwen premises more frequently.

58.     Being treated as inferior to other patrons based on disability mars Plaintiff's experience and deters him from returning more frequently to the Van Leeuwen premises to enjoy their ice cream.

59.     By maintaining the Access Barriers at the Van Leeuwen premises, Defendants deny Plaintiff equal opportunity to enjoy the Van Leeuwen premises.

60.     As Plaintiff enjoys the ice cream served at the Van Leeuwen premises, after Defendants remediate the Van Leeuwen premises to comply with the 2010 Standards and the architectural accessibility requirements of the Administrative Code, Plaintiff will enjoy having equal access to the Van Leeuwen premises free from the discrimination that he currently suffers when patronizing the Van Leeuwen premises.

61.     As Plaintiff enjoys the ice cream served at the Van Leeuwen premises, after Defendants remediate the Van Leeuwen premises to comply with the 2010 Standards and the architectural accessibility requirements of the Administrative Code, Plaintiff intends to patronize the Van Leeuwen premises on a more frequent basis.

62.     Plaintiff continues to suffer an injury due to Defendants maintenance of Access Barriers at the Van Leeuwen premises.  This is because Defendants discriminate

against him in violation of the ADA, the NYSHRL and the NYCHRL as they created,

maintain and have failed to remove the Access Barriers.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

63.     Plaintiff realleges and incorporates by reference all allegations set forth

in this Complaint as if fully set forth herein.

64.     The ADA prohibits "any person who owns, leases (or leases to), or

operates a place of public accommodation" (hereinafter also referred to as "covered

entities" or "public accommodations") from discriminating against any individual "on the

basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation".  42

U.S.C. 12182(a).

65.     Public accommodations are jointly and severally liable for discrimination

in violation of the ADA with respect to their place of public accommodation. 28 C.F.R.

36.201(b).

66.     A public accommodation that transfers its obligations to comply with the

ADA to another entity (for example, contractually in a lease agreement) with respect to a

place of public accommodation remains liable for discrimination in violation of the ADA

as to individuals with disabilities.  28 C.F.R. 36.201(b).

67.     Both Defendants are public accommodations as they own, lease, lease to,

control or operate the Van Leeuwen premises located at 2578 Broadway, within the

meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104).

68.     Plaintiff is substantially limited in the life activity of both walking and

body motion range and thus has a disability within the meaning of the ADA.  As a

direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of his arms and hands.

69.    As public accommodations, Defendants are jointly and severally liable to Plaintiff for discriminating against him in violation of the ADA with respect to their place of public accommodation. 28 C.F.R. 36.201(b).

70.    Both Defendants are liable to Plaintiff for discrimination in violation of the ADA with respect to the Van Leeuwen premises, even if Defendants transferred their obligations to comply with the ADA to another entity or allocated their compliance obligations between themselves pursuant to their lease agreement. 28 C.F.R. 36.201(b).

71.    As any such transfer or allocation has no effect on Defendants' liability to Plaintiff, Plaintiff seeks to have both Defendants enjoined to remediate the Van Leeuwen premises, and to cease their discriminatory acts in violation of the ADA.

72.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

73.    Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

74.    By failing to comply with the law in effect for decades, Defendants have articulated to Plaintiff and other disabled persons such as the that they are objectionable, not welcome, and not desired as patrons of the Van Leeuwen premises, Defendants' place of public accommodation.

75.    The Van Leeuwen premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C.

§12182(b)(1)(A) and 28 C.F.R. § 36.203.

**Discrimination in Violation of 42 U.S.C § 12183(a)(2)**

76.    Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

77.    The Van Leeuwen premises were altered "in a manner that affects or could affect the usability of the facility or part thereof".

78.    The alterations to the Van Leeuwen premises were not made "in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs".

79.    The alterations to the Van Leeuwen premises affected or could have affected the usability of or access to its areas of primary function.

80.    In violation of 28 C.F.R. § 36.403 the alterations to the Van Leeuwen premises were not made so, to the maximum extent feasible, the path of travel to the altered primary function areas are readily accessible to and usable by individuals with disabilities, including those who use wheelchairs.

81.    It would not have been disproportionate to the overall alterations in terms of cost and scope to have altered the path of travel to the Van Leeuwen premises' altered areas of primary function.

82.    As the existence of Access Barriers demonstrate, the Van Leeuwen premises is not compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

83.    Defendants have discriminated against the Plaintiff in violation of the ADA as they altered the Van Leeuwen premises but failed to perform their alterations so that the Van Leeuwen premises is readily accessible to and usable by Plaintiff as a wheelchair user. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(2).

84.    The Van Leeuwen premises is not readily accessible to and usable by Plaintiff as a wheelchair user, and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

85.    Defendants failed to make alterations readily accessible to and usable by Plaintiff as a wheelchair user, to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

86.    The paths of travel to the altered primary function areas were not made readily accessible to and usable by Plaintiff as a wheelchair user, to the maximum extent feasible in violation of 28 C.F.R. § 36.403.

**Discrimination in Violation of 42 U.S.C § 12182**

87.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

88.    It was readily achievable for Defendants to have made the Van Leeuwen premises compliant with the 1991 Standards.

89.    It was readily achievable for Defendants to have made the Van Leeuwen premises compliant with the 2010 Standards.

90.    It is readily achievable for Defendants to make the Van Leeuwen

premises compliant with the 2010 Standards.

91.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

92.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

93.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

94.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

95.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

96.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

97.    In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed

liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

98.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

99.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

100.    Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

101.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

102.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

103.    It would be readily achievable to make Defendants' place of public

accommodation fully accessible.

104.    It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

105.    As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

106.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

107.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

108.    Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

109.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

110.    Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

111.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

112.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the New York City Building Code as alleged herein.

113.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

114.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

115.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

116.    Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

117.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

118.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, JPS 030 Realty LLC continuously controlled, managed, and operated the public sidewalk abutting 2578 Broadway, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

119.    JPS 030 Realty LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

120.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

121.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

122.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

123.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

124.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

125.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the

NYCHRL.

126.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

127.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

128.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

129.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

130.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

131.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

132.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

133.    Notice of this action has been served upon the Attorney General as

required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

134.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

135.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

136.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business at the Van Leeuwen premises** until Defendants remove all violations of the

ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

    C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

    D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

    E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

    F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

    G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

    H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

    I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 20, 2025
      New York, New York

                  Respectfully submitted,

                  **HANSKI PARTNERS LLC**

                  By:___/s_____
                       Robert G. Hanski, Esq.
                       Attorneys for Plaintiff
                       4 International Drive, Suite 110
                       Rye Brook, NY 10573
                       Telephone: (212) 248-7400
                       Email: rgh@disabilityrightsny.com